UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| STANLEY RAY BROWN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 4:12-cv-80 |
| | ) | |
| | ) | *Mattice / Lee* |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss or, in the alternative, for summary judgment [Doc. 9] filed by the Commissioner, who seeks dismissal of Plaintiff's complaint due to late filing. For the reasons outlined below, I **RECOMMEND** the Commissioner's motion be **DENIED**.

**I.     PROCEDURAL HISTORY AND APPLICABLE LAW**

The declaration submitted by the Commissioner establishes the Appeals Council sent Plaintiff a letter with its decision to deny review of his claim on August 30, 2012 [Doc. 10-1 at PageID# 51-53]. The applicable statute for seeking judicial review after the exhaustion of administrative remedies instructs that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The claimant is deemed

to have received notice five days after the date on the notice, in this case, September 4, 2012, making the 60 day deadline for filing an action in this Court November 5, 2012. *See* 20 C.F.R. § 404.901, 422.210(c). Plaintiff filed an application to proceed *in forma pauperis* and his complaint on November 19, 2012 [Docs. 1 & 2].[1]

The United States Supreme Court has declared this 60 day deadline is a period of limitations, not a jurisdictional bar, thus, equitable tolling principles apply. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986). "In the absence of arguments alleging an erroneous calculation of the 60 day period, a plaintiff must contend that a motion to dismiss should be denied because 'equitable circumstances' exist to toll the limitations period." *Mays v. Comm'r of Soc. Sec.*, 1:08CV871, 2010 WL 749727, at *3 (S.D. Ohio Mar. 1, 2010).

## II. STANDARD OF REVIEW

Because both parties have submitted materials outside the pleadings for consideration, the Commissioner's motion must be considered one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *See Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 465 (6th Cir. 2010). It does not appear other materials would be applicable to deciding the motion; therefore, it does not appear that either party needs additional notice to disclose any other pertinent materials.

Summary judgment is mandatory where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that *matters*—i.e., a fact that, if found to be true, might "affect the outcome"

---

[1] Federal Rule of Civil Procedure 6(d), which gives an additional three days for most filings, would likely not apply to this scenario but, in any event, it would also not alter the untimeliness of the filing. *See Banks v. Astrue*, 1:09CV-00022-J, 2009 WL 2046861, at *2 (W.D. Ky. July 13, 2009) (noting the five-day grace period is in a regulation and would appear to be outside the scope of Rule 6).

2

of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The applicable substantive law provides the frame of reference to determine which facts are material. *Anderson*, 477 U.S. at 248. A "genuine" dispute exists with respect to a material fact when the evidence would enable a reasonable jury to find for the non-moving party. *Id.*; *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). In determining whether a dispute is "genuine," the court cannot weigh the evidence or determine the truth of any matter in dispute. *Id.* at 249. Instead, the court must view the facts and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports*, 253 F.3d at 907. A mere scintilla of evidence is not enough to survive a motion for summary judgment. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. ANALYSIS

The Commissioner argues Plaintiff's complaint should be dismissed because it was filed more than 60 days after receipt of the Appeals Council decision and Plaintiff did not request an extension of time [Doc. 10 at PageID# 30-32]. The Commissioner further asserts there are no circumstances warranting equitable tolling of the limitations period [*id.* at PageID# 32-33]. The Commissioner submitted the declaration of Patrick J. Herbst in support of the motion, along with the Appeals Council letter to Plaintiff and the decision by the Administrative Law Judge ("ALJ") [Doc. 10-1]. Plaintiff asserts in response that his complaint was placed in the mail on October 29, 2012, but it was not received by the Court until November 19, 2012, and submits the return receipts to that effect [Doc. 11 at PageID# 57, Docs. 11-1 & 11-2]. Plaintiff argues the complaint should be considered timely because it was mailed through first-class, certified mail seven days before the

3

deadline, should have arrived within a few days, and inexplicably was not received by the Court until 21 days after it was mailed [Doc. 11 at PageID# 57-58]. Plaintiff asserts something out of the ordinary must have occurred in the delivery of the complaint which constitutes extraordinary circumstances for equitable tolling [*id.* at PageID# 58].

Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court." A paper is filed by delivering it to the clerk or to a judge who agrees to accept it for filing. *See* Fed. R. Civ. P. 5(d)(2). Mailing is not a form in which Plaintiff could file his complaint because it was not filed until it was accepted by the Court; therefore, Plaintiff's complaint was filed outside the limitations period and is only timely if equitable tolling applies.

The United States Court of Appeals for the Sixth Circuit has typically reviewed the following factors to determine if equitable tolling should apply: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim." *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). Here, the first two factors and the fifth are largely irrelevant as Plaintiff is represented by counsel, who should be aware of the filing requirements. Plaintiff's counsel was reasonably diligent in pursuing the case, as the complaint was mailed before the expiration of the limitations period, and it is unlikely that the Commissioner is prejudiced by the fact that the complaint was filed a few days late.

The district courts addressing this equitable tolling issue have reached varying conclusions. In one case where the complaint was mailed on the last day of the limitations period, the court did not find persuasive circumstances to toll the limitations period. *See Banks*, 2009 WL 2046861, at

4

*2-4. Other courts have similarly held that short delays in filing the complaint warrant dismissal even when the complaint was mailed within the limitations period. *See Clark v. Comm'r of Soc. Sec.*, 1:11-CV-1255, 2012 WL 1830218, at *3-4 (W.D. Mich. May 18, 2012) (rejecting the "mailbox rule" and dismissing case when complaint was mailed and thus filed two days late); *Bowen v. Sec'y of Health, Ed. & Welfare*, 46 F.R.D. 41, 42-43 (W.D. Mich. 1968) (dismissing case when complaint was mailed and arrived one day late). In *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007), the Sixth Circuit dismissed a complaint which was filed one day late and, in addressing whether equitable tolling would apply, the Sixth Circuit noted that "[a]lthough allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.* at 437. *See also Fleming v. Astrue*, 12-cv-11268, 2012 WL 6738473, at *5-6 (E.D. Mich. Oct. 29, 2012), *report and recommendation adopted sub nom*, *Fleming v. Comm'r of Soc. Sec.*, 12-CV-11268-DT, 2012 WL 6738475 (E.D. Mich. Dec. 31, 2012) (citing *Cook* in support of dismissal of a complaint filed two days late).

Other courts have found equitable tolling principles applicable for delays in filing the complaint. *See Mays*, 2010 WL 749727, at *2-3 (noting the preference for deciding cases on the merits and permitting equitable tolling where confusing circumstances resulted in the filing of the complaint approximately six weeks late); *Parsons v. Comm'r of Soc. Sec.*, 1:09 CV 102, 2010 WL 2640023, at *2-3 (N.D. Ohio May 6, 2010) *report and recommendation adopted sub nom*, *Parsons v. Astrue*, 1:09 CV 102, 2010 WL 2639899 (N.D. Ohio June 29, 2010) (finding that circumstances of Plaintiff's mental impairment and infrequent access to the post office caused delays which

5

warranted the application of equitable tolling to a complaint filed three days late).

I **FIND** this case fits more squarely within the factual circumstances outlined in *Mays* and *Parsons*. Here, Plaintiff's counsel mailed the complaint with sufficient time to be accepted and filed by the Court prior to the expiration of the limitations period. The mailing, however, was not received by the Court until 21 days after it was mailed, which is an extraordinary amount of time for a piece of mail to travel from Nashville, Tennessee to Chattanooga, Tennessee.[2] It is unclear how or why this happened but, in any event, it does constitute extraordinary circumstances which warrant the application of equitable tolling principles.

Therefore, although I **FIND** Plaintiff's complaint was not filed timely, I **CONCLUDE** Plaintiff has established extraordinary circumstances that would warrant equitable tolling of the limitations period. As a result, I **CONCLUDE** Plaintiff's case was filed within the limitations period and his complaint should not be dismissed on these grounds.

---

[2] Of note, the tracking information (accessed by the tracking number on the return receipts, 7012 1010 0000 5815 3886) indicates an expected delivery date of October 31, 2012. Using the tracking number provided by Plaintiff, it appears the mailing traveled to Chattanooga and then was inexplicably redirected to Merrifield, Virginia for two weeks before it was sent back to Chattanooga and finally delivered to the Court.

## IV. CONCLUSION

For the reasons outlined above, I **RECOMMEND**[3] that the Commissioner's motion to dismiss or, in the alternative, for summary judgment [Doc. 9] be **DENIED**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).